**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COACH, INC. and ) | |
| COACH SERVICES, INC., ) | |
| ) | Case No. 13-cv-7822 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE PARTNERSHIPS and ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A," ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiffs Coach, Inc. and Coach Services, Inc. (together, "Coach" or "Plaintiffs") hereby bring the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and allege as follows:

**I. JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     Venue is proper in this Court pursuant 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in Illinois and causes harm to Coach's business within this Judicial District. Through at least the fully interactive commercial Internet websites operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"), each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to Illinois, accept payment in U.S. dollars and, on information and belief, has sold counterfeit Coach products to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Coach substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by Coach to combat online counterfeiters who trade upon Coach's reputation and goodwill by selling and/or offering for sale unlicensed and counterfeit products featuring Coach's federally-registered trademarks (collectively, the "Counterfeit Coach Products"). The Defendants create the Defendant Internet Stores by the hundreds or even thousands and design them to appear to be selling genuine Coach products, all the while actually selling low-quality, unlicensed Counterfeit Coach Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as website design and similarities of the counterfeit products offered for sale, suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope of their massive counterfeiting operation. Coach is forced to file these actions to combat Defendants' counterfeiting of Coach's federally registered trademarks, as well as to protect unknowing consumers from purchasing low-quality, Counterfeit

2

Coach Products over the Internet. Coach has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiffs**

4. Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

5. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

6. Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan. Since then, Coach has been engaged in the manufacture, marketing and sale of leather and mixed material products, including handbags, wallets, accessories, eyewear, footwear, jewelry and watches (collectively, the "Coach Products"). Coach sells Coach Products through its own specialty retail stores, department stores, catalogs, and via the Internet website www.coach.com throughout the United States, including in Illinois.

7. Coach has registered its trademarks (collectively, the "COACH Trademarks," a non-exclusive list of which is included below) with the United States Patent and Trademark Office. Coach uses the COACH Trademarks in connection with the Coach Products.

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Comb Cases, Pass Cases, Money Clips, Billfolds, Wallets, Pocket Secretaries, Stud Cases, Jewel Cases, and Leather Book Covers. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets, jewelry, coats, gloves, belts, hats, scarves, and shoes. | April 15, 2008 | *Coach* est.1941 |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |

6

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 4, 6, 9, 14, 16, 18, 25 for *inter alia* sunglasses and eye glass cases, leather goods, key fobs, jewelry, watches, umbrellas, and clothing namely, skirts, pants and dog coats. | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 | |
| 4,365,898 | COACH Signature C Design | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, wallets, umbrellas, fabrics for the use in manufacturing clothings, shoes and handbags and clothing namely scarves, hats, caps and shoes. | November 8, 2005 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 | |
| 4,365,899 | COACH OP ART | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 | |
| 4,105,636 | COACH OP ART | 14, 18, 25 for Jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* handbags, wallets, umbrellas, hats, scarves, belts, coats, shoes and fabrics for the manufacturing of clothing, shoes and handbags. | October 13, 2009 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, wallets, umbrellas, jewelry, watches, sunglasses, footwear, hats, and coats. | June 3, 2008 | |
| 4,391,741 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 3 for After-shave; Body lotions; Fragrances; Make-up; Perfumes; Soaps for personal use | August 27, 2013 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,296,582 | COACH EST. 1941 NEW YORK | 14,16,18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 |  |
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for Protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,334,351 | COACH & TAG | 9 for Protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 | |
| 3,685,590 | COACH & TAG | 14 for Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches | September 22, 2009 | |
| 2,088,707 | COACH & TAG DESIGN | 18 for briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 | |
| 3,908,558 | POPPY | 9 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |

8.     The registrations for the COACH Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. §1065.  True and correct copies of the federal trademark registrations for the COACH Trademarks are attached hereto as **Exhibit 1**.

9.     The COACH Trademarks are unique and distinctive when applied to the Coach Products and identify the merchandise as high-quality goods from Coach.  The registrations for the COACH Trademarks constitute *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the COACH Trademarks.

10

10.     The COACH Trademarks qualify as famous marks, as that term is used in 15 U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

11.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the COACH Trademarks.  As a result, products bearing the COACH Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Coach.  Coach Products have also become among the most popular of their kind in the world, with Coach's annual global sales currently exceeding four billion dollars ($4,000,000,000).

12.     Coach Products are widely accepted by the public and enormously popular, as demonstrated by the billions of dollars in sales of Coach Products each year.

**The Defendants**

13.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions.  Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores.  Each Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit Coach Products to consumers within the State of Illinois.

14.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing counterfeit versions of the COACH Trademarks in the same transaction, occurrence, or series of transactions or occurrences.  Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually

impossible for Coach to learn Defendants' true identities and the exact interworking of their massive counterfeit network. In the event that Defendants and/or third party service providers provide additional credible information regarding the identities of Defendants, Coach will take appropriate steps to amend the Complaint.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

15.    The success of the Coach brand has resulted in its significant counterfeiting. Consequently, Coach has a worldwide anti-counterfeiting program and regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. Despite Coach's enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores, which generate massive profits selling Counterfeit Coach Products.

16.    Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Coach Products. Defendants' websites and marketplace listings look sophisticated and accept payment in U.S. dollars. Numerous Defendant Domain Names also incorporate the COACH Trademarks into the URL, and oftentimes, the websites include Coach's copyright-protected content, images, and product descriptions, which makes it very difficult for consumers to distinguish such counterfeit sites from an authorized retailer. Some of the Defendant Internet Stores even go so far as to admit to selling Counterfeit Coach Products, explicitly stating that they are offering "replica" or "fake" Coach products for sale. Coach has not licensed or authorized Defendants to use its COACH Trademarks, and none of the Defendants are authorized resellers of genuine Coach Products.

12

17. The Defendant Internet Stores accept payment via Western Union, credit card and/or PayPal and ship the Counterfeit Coach Products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

18. Defendants also deceive unknowing consumers by using the COACH Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Coach Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics to increase website rank. As a result, links to Defendants' websites show up at or near the top of popular search results and misdirect consumers searching for genuine Coach Products.

19. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Many of Defendants' names and addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. On information and belief, Defendants constantly register new Defendant Internet Stores using the identities listed in Schedule A, as well as other unknown fictitious

names and addresses. Such Defendant Internet Store registration patterns are one of many tactics used by the Defendants to conceal both their identities and the full scope and interworking of their massive counterfeiting operation.

20.     Even though Defendants operate under multiple fictitious names, many similarities between the Defendant Internet Stores indicate a coordinated effort to sell Counterfeit Coach Products. For example, many of the Defendant Internet Stores have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, Counterfeit Coach Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Coach Products were manufactured by and come from a common source and that Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and copyright-protected images copied from Coach's coach.com website.

21.     Defendants, without any authorization or license from Coach, have knowingly and willfully used and continue to use the COACH Trademarks in connection with the advertisement, offering for sale, and sale of Counterfeit Coach Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to Illinois residents and, on information and belief, each Defendant has sold Counterfeit Coach Products into Illinois.

22.     Defendants' use of the COACH Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Coach Products, including the sale of

14

Counterfeit Coach Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Coach.

## COUNT I

## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

23. Coach re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22.

24. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered COACH Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The COACH Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Coach Products sold or marketed under the COACH Trademarks.

25. Coach is the exclusive owner of the COACH Trademarks. Coach's United States Trademark Registrations (Exhibit 1) are in full force and effect.

26. Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products bearing counterfeit reproductions of the COACH Trademarks without Coach's permission.

27. Upon information and belief, Defendants are willfully infringing and have knowledge of Coach's rights in the COACH Trademarks. Defendants' willful, intentional and unauthorized use of the COACH Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Coach Products among the general public.

28. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.     Coach has no adequate remedy at law, and if Defendants' actions are not enjoined, Coach will continue to suffer irreparable harm to its reputation and the goodwill of its well-known COACH Trademarks.

30.     The injuries and damages sustained by Coach have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Coach Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

31.     Coach hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30.

32.     Defendants' promotion, marketing, offering for sale and sale of Counterfeit Coach Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection or association with Coach or to the origin, sponsorship, or approval of Defendants' Counterfeit Coach Products by Coach.

33.     By using the COACH Trademarks on the Counterfeit Coach Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Coach Products.

34.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Coach Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

35.     Coach has no adequate remedy at law and, if Defendants' actions are not enjoined, Coach will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**COUNT III**
**CLAIM FOR INJUNCTIVE RELIEF UNDER THE ANTICYBERSQUATTING**
**CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d)) AS TO THE DEFENDANTS**
**OPERATING A DEFENDANT DOMAIN NAME INCORPORATING THE**
**COACH TRADEMARKS**

36.     Coach hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 35.

37.     Coach is the exclusive owner of the COACH Trademarks. Coach's U.S. Trademark Registrations for the COACH Trademarks are in full force and effect. Additionally, the COACH Trademarks are famous marks pursuant to 15 U.S.C. § 1125 and were famous before and at the time of the registration of the Defendant Domain Names.

38.     Upon information and belief, Defendants have acted with the bad faith intent to profit from the unauthorized use of the COACH Trademarks and the goodwill associated therewith by registering various domain names which are identical to, confusingly similar to or dilutive of the COACH Trademarks.

39.     Defendants have no intellectual property rights in or to the COACH Trademarks.

40.     Defendants' actions constitute willful cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

41.     Coach has no adequate remedy at law, and the registration and use of the Defendant Domain Names has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Coach.

**COUNT IV**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, et seq.)**

42.     Coach hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 41.

17

43.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their products as those of Coach, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with the Coach Products, representing that their Counterfeit Coach Products have Coach's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

44.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510, et seq.

45.     Coach has no adequate remedy at law, and Defendants' conduct has caused Coach to suffer damage to its reputation and goodwill.  Unless enjoined by the Court, Coach will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Coach prays for judgment against Defendants as follows:

1)  That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

    a.  using the COACH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Coach Product or is not authorized by Coach to be sold in connection with the COACH Trademarks;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Coach Product or any other product produced by Coach, that is not Coach's or not produced under the authorization, control or supervision of Coach and approved by Coach for sale under the COACH Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Coach Products are those sold under the authorization, control or supervision of Coach, or sponsored or approved by, or connected with Coach;

d.  further infringing the COACH Trademarks and damaging Coach's goodwill;

e.  otherwise competing unfairly with Coach in any manner;

f.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Coach, nor authorized by Coach to be sold or offered for sale, and which bear any of the COACH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names or any other domain name or online marketplace account that is being used to sell Counterfeit Coach Products; and

h.  operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Coach Product or not authorized by Coach to be sold in connection with the COACH Trademarks; and

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, will be required to file with the Court and serve upon Coach a written report under oath setting forth in detail the manner in which Defendants have complied with paragraph 1, a through h, *supra*;

3) Entry of an Order that the registrant of the Defendant Domain Names shall be changed from the current registrant to Coach, and that the domain name registries for the Defendant Domain Names, namely VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, within two (2) business days of receipt of this Order, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Coach's selection until further ordered by this Court, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to a registrar of Coach's selection until further ordered by this Court;

4) Entry of an Order that, upon Coach's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as iOffer, social media platforms such as Facebook, YouTube, LinkedIn and Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts, domain name registrars and domain name registries, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Coach Products using the COACH Trademarks, including any accounts associated with the Defendants listed on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Coach Products using the COACH Trademarks; and

c. Take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index; and;

5) That Defendants account for and pay to Coach all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of damages for infringement of the COACH Trademarks be increased by a sum not exceeding three times the amount thereof as provided by law;

6) In the alternative, that Coach be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the COACH Trademarks and $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

7) That Coach be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.


Dated this 31st day of October 2013.        Respectfully submitted,


__/s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive
Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net

*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*